ADAMS<br>v.<br>HARRISON.

---

## JUDSON, Administrator v. CONNOLLY.

An acton to recover immovable property is a real action, and not affected by the prescrip-
tion of ten years established by art. 3508 C. C. Nor does that prescription apply to judg-
ments.

The administrator of an insolvent succession represents the creditors, and not the deceased;
and he may maintain an action for the benefit of the creditors, which the deceased, were
he alive, could not do for his own advantage.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
Hoffman and Halsey, for the plaintiff. Preston, for the appellant. The
judgment of the court (*Slidell* J. not sitting,) was pronounced by

ROST, J. This suit is a sequel to that of *Bridget Connolly et al.* v. *Sarah
Connolly* and husband, lately decided. The administrator of the insolvent suc-
cession of the late *Felix Connolly*, relying on the judicial declarations of the
plaintiffs in that suit that the property adjudged to *Bridget Connolly* belonged to
the said succession, and was held by *Sarah Connolly* under a simulated sale, now
asks that *Bridget Connolly* be cited, and that said property be decreed to belong
to the succession he represents. There was judgment by default, which, upon
proof of the facts alleged in the petition, was made final, and the defendant ap-
pealed.

The opinion we have formed on the merits, renders it unnecessary to notice the
bills of exception found in the record. The defendant has filed in this court sev-
eral pleas of prescription, and the plaintiff waives his right to have the case re-
manded, under art. 902 C. P.

1st. It is alleged that this is a personal action; that more than ten years have
elapsed since *Sarah Connolly* received from the syndic of *Hoskins* a title to the
property claimed, and that under art. 3508 C. C. the action is prescribed. 2d.
It is further alleged that the debts due by the succession of *Felix Connolly* are
evidenced by judgments rendered more than ten years before the institution of
this suit, and that they are also prescribed under the same article of the Code.
We have also been referred to an act passed in 1848, on the subject of prescrip-
tion, providing that the time required for it shall not be affected by absence from
the State.

JUDSON
*v.*
CONNOLLY.

The prayer of the petition is, that the immovable property therein described be decreed to belong to the succession of *Felix Connolly*, and that it be delivered to its administrator. This is clearly a real action, unaffected by the prescription of ten years.

Art. 3508 provides that all personal actions, except those previously enumerated in the Code, are prescribed by ten years. But a judgment is not a personal action, and does not come within the rule. The debts proved are still due, and must be sastisfied out of the property of *Felix Connolly*, if he had any at the time of his death. That the property claimed belonged to him is proved by the judicial declarations of the defendant in the former case, which are in evidence. There is nothing in the judgment of the court in that case tending to falsify those declarations; on the contrary, it enforces a compromise entered into between the parties to the suit, as heirs of *Felix Connolly*, in relation to the property left by him, and, with the consent of the other heirs, adjudged to the defendant in full ownership that portion of it which is now claimed. The defendant received it in right of *Felix Connolly*, and her title to it is by inheritance. She cannot therefore be viewed as a third person, and the prescriptions of one, five, and ten years which she has pleaded, under arts. 1989, 3507, 3442, 3437, C. C. can no more avail her, than they would avail *Felix Connolly*, if he was alive.

The plea that the action of the plaintiff to annul the sale cannot be maintained, because if there was fraud, *Felix Connolly* was a party to it, and as he would have no action himself, he could transmit none to his representatives, assumes that the plaintiff represents the deceased. It is not so; the succession is insolvent, and the administrator represents the creditors.

The case of *Gravier's curator* v. *Carraby's executor*, is not applicable to this controversy.                                   *Judgment affirmed.*