LAND, J.
Plaintiffs’ petition was dismissed on an exception of no cause and right of action, and they have appealed.
The Bank of Berwick and J. H. Menge & Sons, judgment creditors of Theodore A. Thorgeson, deceased, instituted this suit against the defendant company and the legal representatives of the said decedent, for the purpose of annulling and avoiding, and of canceling and erasing from the record, a certain act of special mortgage of date October 11, 1907, executed by the said Thorgeson in favor of the defendant company to secure the payment of the promissory note of the said mortgagor, and by him indorsed in blank, for the sum of $5,000.,' The consideration of the note and mortgage was the sum of $5,000 borrowed by the said Thorgeson from the defendant company.
The grounds of alleged nullity are as follows: That the defendant company was not authorized by its charter to loan money and take mortgages or any other kind of security, aDd that consequently the contract in question was an ultra vires act on the part of said corporation, and was and cannot be exercised or enforced to the injury of petitioners as creuitors of the said Thorgeson at the date of the execution and delivery of said note and act of mortgage.
That at said time said Thorgeson was insolvent, and his financial condition was well known to the officers, directors, and attorneys of defendant company; and that said ultra vires contract was in fraud of petitioners’ rights as creditors, and works great injury to petitioners.
That the property mortgaged as aforesaid is the only property out of which petitioners will be able to realize anything out of their judgments against the said Thorgeson.
The petition alleges that the defendant company is a corporation organized under the laws of the state of Louisiana. The charter is not annexed to the petition; but it is alleged that the company is not authorized by its charter to loan money or take mortgages or any other kind of security. For the purposes of the exception, it. therefore must be taken as true that the alleged contract of loan and mortgage was an ultra vires act of the corporation made in fraud of plaintiffs’ rights as creditors. It may be that on the trial of the ease on the merits the defendant company may be able to show that it had implied power to make the particular loan in question, and that the transaction was bona fide and in the usual course of business.
Plaintiffs’ petition discloses two causes of action; one to revoke a contract as in fraud of creditors, and the other to have the contract declared null and void ab initio as illegal. If either cause of action be good in law, the general demurrer filed by the defendant is bad.
We think that the plaintiffs, as judgment creditors of the deceased, have at least a standing to sue to annul the contract on the ground of fraud and injury. The right of judgment creditors to sue to cancel and erase apparent mortgage on the property of the debtor is too well settled for dispute. Bussieré v. Williams, 37 La. Ann. 387.
The right of a judgment creditor to sue to annul an alleged illegal sale and bring the property back into the succession was affirmed in Neda v. Fontenot, 2 La. Ann. 782, and this doctrine was approved in Heirs v. Lavedan, 49 La. Ann. 923, 22 South. 214, and Hardy v. Pecot, 113 La. 359, 36 South. 992.
In Judson v. Connolly, 4 La. Ann. 169, it was held that the administrator of an insolvent succession, as the representative of the creditors, may maintain an action for their *1003 benefit, to annul a simulated sale and recover property belonging to the succession. This case in no way militates against the doctrine that the creditors themselves may maintain such a suit in their own right, especially where it appears that the administrator has taken no action in the premises.
Article 1970 of the Civil Code declares that:
“The law gives every creditor, when there is no cession of goods, as well as the representation of all the creditors where there is any such cession, or other proceedings by which they are everlastingly represented, an action to annul any contract made in fraud of their rights.”
This article refers to insolvent proceedings. The right of a trustee, receiver, or syndic to sue does not exclude the right of judgment creditors also to sue, where no action has been taken by their representative to protect their interests.
The present suit, in part at least, is a revocatory action to set aside a contract, as in fraud of creditors.
The fact that Thorgeson was insolvent, and that the defendant company was aware of his financial condition at the time the loan was made, may not in themselves constitute a fraudulent transaction. Brown v. Kenner, 3 Mart. (O. S.) 270. But it is alleged that said contract was made in fraud of creditors and to their injury. If such be the case, and both parties participated in the fraudulent intent to defeat the pursuit of creditors, then the hare circumstance that the money was loaned would not purge the transaction. In mortgaging property, the fraud is operated by the incumbrance of the property and the placing of the money borrowed beyond the reach of creditors. In principle there is no difference between a fraudulent mortgage and a fraudulent sale. Fraud may exist in an onerous contract, if both parties have a fraudulent intent. Civ. Code, art. 1982. The law protects third persons only when they contract in good faith or in the usual course of business with the insolvent debtor. Civ. Code, arts. 1979-1986.
The allegations of the petition suffice to negative the conclusion that the transaction was made in good faith and in the usual course of business. We cannot assume that the money loaned -was used by the borrower to pay his debts. The allegations of the petition forbid such an assumption as far as the xfiaintiffs are concerned.
It is earnestly contended by the defendant that the xilaintiffs, as judgment creditors, have no standing to impeach the mortgage as an ultra vires act of the corporation, because Thorgeson, having received the money, would not be permitted to set up the defense of ultra vires while he retained the fruits or benefits of the contract, and because the state alone can maintain proceedings against a corporation which has exceeded its charter powers; but these propositions leave out the element of fraud charged in the petition. Whether a contract be valid or invalid, it may be revoked when made in fraud of creditors and to their prejudice.
The general doctrine that, in executed ultra vires contracts, third persons cannot question the title of the corporation, and that such title is good except against the state alone, may be conceded, hut does not meet the case at bar, involving the right of judgment creditors to question an ultra vires act of mortgage alleged to be fraudulent and injurious to them.
On general princixfies a judgment creditor has a right of action to annul any real contract of the debtor made in fraud of his right. Civ. Code, art. 1970. A fortiori a judgment creditor has a right of action to annul simulated contracts or contracts made in violation of law and in fraud of his rights.
In the opinion of the district judge, and in the oral and written arguments of counsel in this court, the important and difficult questions relative to the ultra vires contracts *1005 of corporations have been discussed with great ability.
We do not deem it necessary to consider and determine such questions on this appeal, as the case as presented may be disposed of on the allegations of fraud and injury.
We therefore conclude that the plaintiffs’ petition discloses a right of action and a cause of action.
It is therefore ordered that the judgment below be reversed,, and it is now ordered that the excejition of no cause of action be overruled, and that this cause be remanded for further proceedings according to law, and that the costs of this appeal be paid by the defendant corporation.