BREAUX, C. J.
 

 One of the plaintiffs, J. H. Menge & Sons, creditor of Theodore A. Thorguson, who was‘a debtor of the George Vinson Shingle & Manufacturing Company, Limited (hereafter for brevity’s sake the Vinson Company), alleged the invalidity of a loan and a mortgage to secure it, made by the Vinson Company, . and instituted this action to annul the loan, and to have the mortgage decreed a nullity. The grounds are that prior to Thorguson’s death he borrowed from the Vinson Company $5,000, represented by a promissory note, secured by mortgage upon his late wife’s property.
 

 Plaintiff’s complaint is that the Vinson Company was not authorized by its charter to make loans and take mortgages, that its acts in making loans and taking mortgages were null and void, and that the Menge Company has a right to stand in court to set aside these acts because it is oné to the creditors of Thorguson, and that, unless this loan is annulled and the mortgage canceled, it will not be possible for any creditor to collect anything due, as the property mortgaged is the only property owned by the debtor.
 

 The Menge Company asked for a judgment accordingly, and for an order to be issued to the clerk to cancel the mortgage.
 

 Plaintiff at first alleged that the Vinson Company had committed fraud in matter of the loan mentioned. This allegation of plaintiff was abandoned.
 

 An exception of no cause of action filed by the defendant was sustained.
 

 An appeal was taken to this court from the judgment, and the judgment sustaining the exception was reversed, and the case was remanded. Bank of Berwick v. Vinson Co., 124 La. 1000, 50 South. 823, 26 L. R. A. (N. S.) 1068.
 

 The defendant in the pleadings defends its charter as containing ample power, both direct and incidental, to enable it to make loans and take mortgages.
 

 Defendant alleged that it had surplus funds, and that it was from this surplus that the loan was made to Thorguson as well as other creditors; that, even if the power was not expressed in the charter, under the incidental powers of the corporation, it would have the right to make loans; that this loan was made in the utmost good faith.
 

 It knew nothing of the financial condition of Thorguson, except that he was conducting' an extensive business at the time of his death, and that he used the money loaned íd paying his creditors and in his business.
 

 
 *864
 
 The judgment of the district court was against plaintiff, from which plaintiff appealed.
 

 Plaintiff’s right to stand in judgment to set aside -the mortgage herein attacked and the ultra vires, character of the charter gave rise to the issues before the court for determination.
 

 The charter contains the usual provisions to enable general logging and wood manufacturing business to carry on the general business for which it was organized. The company is not without an aim. It is authorized to sue and be sued; to use a corporate seal; to hold title to land; to adopt by-laws; and to do all things necessary or proper to be done in furthering the business of the corporation.
 

 The Vinson Company, as per its charter, is a manufacturer of shingles, lumber, laths, and other wood products, and is authorized to own sawmills and other wood manufactories, to conduct and maintain general merchandise stores and enter into contracts of every nature, and perform all things necessary and proper to the successful conduct of a general logging and wood manufacturing business. It certainly has the right to the ownership of real property, including the right to accept a mortgage.
 

 The Vinson Company over 20 years ago adopted a charter under which it chose to be known. At that time the organizers of the corporation doubtless thought very little of profit and possible surplus. In consequence it happens that nothing was expressly stated in the charter about investment, and it was not formed especially with a view to investment. It has never sought to enter that field of endeavor, save that, having accumulated a small surplus, an amount not immediately needed in the business that they conducted, the board of directors made special investment at the conventional rate of interest. The borrower doubtless needed the amount, and the lender found it convenient to invest. It was quite proper to make the investment. In the loan the lender and the borrower were both accommodated. On the part of the lender it was a mere incident to the business.
 

 It is true that an industrial corporation cannot change to a commercial corporation under the charter adopted to carry on an industrial enterprise. But here there is no attempt of making such a change in the business. The corporation was authorized under its incidental powers to make loans on its surplus. We may add, but no further.
 

 At the time Thorguson borrowed on mortgage he was not in an embarrassed condition. The evidence shows that he was one whose integrity was not questioned. His business was regularly conducted. In time reverses came to him as they often befall the lot of the business man, and then insolvency. The wife and the husband departed this life, and their orphan children are now represented by a tutor, who is a party to this suit.
 

 We find nothing irregular which would justify us in declaring the mortgage null and the loan lost.
 

 Properly enough, all men who have a little surplus at times invest it. If it is done at a reasonable rate of interest, it is really beneficial to all parties concerned. We thiuk that this is true also of corporations.
 

 For reasons assigned, the judgment is affirmed.