WATKINS, Judge.
This is an action for damages brought by Alice H. Jones, arising out of the deaths of her daughter Beverly Henry and grandson Corey Henry, which allegedly were caused by a fire in Mrs. Henry’s residence resulting from the explosion of a television set manufactured by Philco-Ford Corporation or G.T.E. Products Corporation, both of which were named as parties defendant. Also named as parties defendant were Capital City South, the partnership which owned the residence in which the fire- occurred, Willie Spooner, Sr., alleged primary partner in Capital City South, and Gulf States Utilities Co., indicated to be the supplier of electricity to the residence.
The alleged accident and deaths occurred on February 9, 1981. Suit was filed by Alice H. Jones in her capacity as Adminis-tratrix of the Estates of Beverly Henry and Corey Henry on February 8, 1982. Thereafter, on March 4,1982, a Supplemental and Amended Petition was filed, in which it is alleged that Alice H. Jones is appearing in her capacity as Administratrix of the Estates of Beverly Henry and Corey Henry, and as Tutrix of the minor children, Rhonda Henry, Bruce Henry and Herley Henry, who were children of Beverly Henry and brother and sisters of Corey Henry.
Gulf States Utilities filed a peremptory exception of prescription and no right of action, and a dilatory exception of lack of procedural capacity. Capital City South and Willie Spooner, Jr., filed similar exceptions of prescription, no right of action, and lack of procedural capacity. G.T.E. filed peremptory exceptions of no cause or right of action and of prescription and peremption, also asserting that “Philco-Ford Corporation” named co-defendant, did not exist as a legal entity. The minutes of court indicate the peremptory exceptions of no cause or right of action were overruled, but the peremptory exceptions of prescription filed by all defendants were sustained. Judgment was signed dismissing plaintiff’s suit with prejudice. Plaintiff appealed.
We should note in passing that an intervention was filed before judgment by Travelers Indemnity Company alleging that Travelers had been subrogated by discharge of a fire insurance claim of Capital City South to all claims Capital City South might have against Philco-Ford and G.T.E. arising out of damages resulting from the explosion of the allegedly defective television set. The trial court did not directly rule upon the intervention in dismissing plaintiff’s suit. As Travelers has neither appealed nor answered the appeal, we de *1253 cline to make a determination of the present status of its intervention.
The sole question before the court is whether or not the one year prescriptive or peremptive period for the filing of an action for wrongful death acts as a bar to plaintiffs suit.
Plaintiff’s original petition, filed one day less than one year after the date of the tragic fire, suggests that it is intended to institute an action for wrongful death, as the items of damage mentioned are “loss of support and earnings, loss of affection, companionship, society, motherly and brotherly love, and funeral expense (sic).” The amended petition, filed more than one year after death, contains elements of a surviv-orship action, as it mentions pain and mental anguish of the two decedents.
Louisiana’s wrongful death action and survivorship action are both the product of amendment of LSA-C.C. art. 2315 (to use the number of the present Codal article) originating in the last century, the survivor-ship action in its present form originating in La. Act No. 223 of 1855 and the wrongful death action originating in La. Act No. 71 of 1884. In general, both types of actions, wrongful death (the right to recover for injuries to the living resulting from tortious fatal injury) and survivorship (the right to recover damages standing in the shoes of the decedent for the tortious injuries suffered by the decedent before his death, whether or not the tort had a causal connection with death) find their Codal roots in one brief and somewhat ambiguously worded paragraph of LSA-C.C. art. 2315, the fourth as art. 2315 presently stands amended. We quote the entire article so that the paragraph in question may be read in context:
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.
Damages may include loss of consortium, service, and society, and shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person.
The right to recover damages to property caused by an offense or quasi offense is a property right which, on the death of the obligee, is inherited by his legal, instituted, or irregular heirs, subject to the community rights of the surviving spouse.
The right to recover all other damages caused by an offense or quasi offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of: (1) the surviving spouse and child or children of the decease (sic), or either such spouse or such child or children; (2) the surviving father and mother of the deceased, or either of them, if he left no spouse or child surviving; and (3) the surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving. The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased. A right to recover the damages under the provisions of this paragraph is a property right which, on the death of the survivor in whose favor the right of action survived, is inherited by his legal, instituted, or irregular heirs whether suit has been instituted thereon by the surviv- or or not.
As used in this article, the words ‘child’, ‘brother’, ‘sister’, ‘father’, and ‘mother’ include a child, brother, sister, father, and mother, by adoption, respectively.”
The Courts of Appeal of this State have unanimously required that an action for wrongful death (which is what plaintiff’s original petition clearly constitutes) be filed within one year of death. However, as we noted in McClendon v. State, through Dept. of Corrections, 357 So.2d 1218 (La.App. 1st Cir.1978), the reasoning of the Courts of Appeal differs as to whether the one year period is a period of prescription or peremption, or a combination of the two. There is no definitive decision of the Louisiana Supreme Court on the subject. The basic difference between a period of prescription and a period of peremption, as may be seen by a reading of McClendon, *1254 supra, and Succession of Roux v. Guidry, 182 So.2d 109 (La.App. 4th Cir.1966), writ refused 248 La. 1106, 184 So.2d 27 (1966), is that while prescription acts as a bar to a cause of action, the right created by a statute containing a peremptive period ceases to exist and utterly vanishes at the end of the peremptive period. From that reasoning derives the principle that although prescription is subject to interruption or suspension (as the case may be), the peremp-tive period is subject to neither, as the right disappears entirely at the closing of the period during which the right exists.
In a definitive opinion, in which we fully discussed the jurisprudence and approached the issue from all sides, we held in McClendon that the one year period for bringing an action for wrongful death was a prescriptive period, not a peremptive period. Applying that analysis, we held that the running of prescription on a claim for wrongful death was suspended under the doctrine of contra non valentem for the period during which no knowledge existed of the identity of the perpetrator of a murder (for which the Department of Corrections could allegedly be held responsible, as it had negligently released the perpetrator). Thus, the view of this circuit is that the period of one year within which to file an action for wrongful death is a prescriptive period, which is subject to suspension or interruption, as the case may be.
Other circuits, notably the Fourth, have adopted a complex line of reasoning based upon the premise that the wrongful death action period of one year is peremptive. Although the line of cases, see especially Succession of Roux, supra; Cacibauda v. Gaiennie, 305 So.2d 572 (La.App. 4th Cir.1974), and Meadoux v. Hall, 369 So.2d 240 (La.App. 4th Cir.1979), is skillfully reasoned, we differ with that line of cases in its basic premise, viz. that the one year period for bringing an action for wrongful death is a period of peremption. We adhere to our view, expressed in McClendon, supra, that the period of one year is a prescriptive period.
The original petition filed by plaintiff on February 8,1982, is defective in that the plaintiff, Alice H. Jones, appeared in her capacity as Administratrix of the Estates of Beverly Henry and Corey Henry. While it is not stated in either the body of the petition or the prayer, presumably the claim is made on behalf of the successions of the decedents. No mention is made in the petition, either directly or indirectly, as to whether this is a survivorship and/or wrongful death action, or as to whether the decedents were married, or as to whether the decedents were survived by anyone, or as to whether plaintiff, Alice H. Jones, is related to the decedents. It can be seen, therefore, that the original petition is grossly defective in many respects. In view of the damages alleged, it appears that the petition is intended to institute an action for wrongful death. Notwithstanding the serious defects set forth above, we find it unreasonable to state that the petition would not have put the defendants on notice of the legal demand for damages for the alleged wrongful death of Beverly Henry and her son, Corey. Hence, we are compelled to hold that the petition filed by plaintiff on February 8, 1982 sufficiently informed defendants of the legal demand based on wrongful death and prescription was interrupted.
It is well established in Louisiana jurisprudence that “the elemental basis of legal interruption of liberative prescription in tort suits is informing the defendant of the legal demand.” Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973). The basic requirement, therefore, for the interruption of prescription by filing suit is that a cause of action be asserted that is sufficient to put the defendant on notice of the nature of the claim being filed against him. It is not necessary that the correct plaintiff sue or that he bring suit in the proper procedural capacity. Thus the filing of a petition prepared before the death of the plaintiff but filed after plaintiff’s death was held to interrupt the running of prescription in Nini, supra, a worker’s compensation case. Similarly, we held the filing of suit by the father of a man who some six months before the filing of suit had attained the age of majority interrupted the running of pre *1255 scription. Nettles v. Great American Insurance Company, 155 So.2d 87 (La.App. 1st Cir.1963), cert. denied 244 La. 1024, 156 So.2d 227 (1963). In these cases the reasoning was the same, there was notice to the defendant of the legal proceedings based on the claim involved. Hence, prescription was interrupted.
As we have stated, the amended petition contained elements of a survivorship action. A survivorship action is subject to a peremptive period of one year from the date of death. Succession of Roux, supra. Here, the date of death was February 9, 1981. The amended petition, as we state immediately above, was not filed until March 4,1982. It came too late to assert a survivorship action, the peremptive period having expired.
For the foregoing reasons the judgment of the trial court sustaining the exception of prescription with respect to the wrongful death action is reversed. In all other respects the said judgment is affirmed. We remand to the trial court for further proceedings. Costs of this appeal are assessed against appellee.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.