535 So.2d 959 (1988)
Harold B. SMITH, Provisional Curator of Beatrice Bradford LaBorde
v.
Viola Dean Lynn WILLIAMS.
SUCCESSION OF Beatrice Bradford LaBORDE.
Nos. 19931-CA, 19932-CA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1988.
*960 Blanchard, Walker, O'Quin & Roberts by Robert W. Johnson, Booth, Lockard, Politz, LeSage & D'Anna by Nyle A. Politz, Shreveport, for plaintiff-appellee Harold B. Smith.
Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for defendant-appellant Viola Dean Lynn Williams.
Before HALL, JASPER E. JONES and LINDSAY, JJ.
JASPER E. JONES, Judge.
This appeal concerns efforts by a provisional curator and succession representative to set aside a donation by an elderly woman of her home to her housekeeper. The housekeeper, Viola Dean Lynn Williams, appeals a judgment revoking the donation to her. We affirm.
The Facts
In December, 1982, Beatrice LaBorde was in a car wreck. In September, 1983, she was sued for over $590,000.00, an amount far in excess of her liability insurance policy limits, for damages caused by the wreck.
On April 18, 1985, while hospitalized, Mrs. LaBorde executed a donation of her home to appellant. On May 10, 1985, an interdiction proceeding was brought against Mrs. LaBorde. That same day Harold Smith, provisional curator of Mrs. LaBorde brought this action, docket number 19,931-CA, to set aside the donation.
Mrs. LaBorde died on May 30, 1985, and on July 15, 1985, the appellant answered the suit. On September 10, 1985, Smith was appointed dative testamentary executor of the succession, docket number 19,932-CA, and was discharged as provisional curator due to the death of Mrs. LaBorde.
On December 9, 1986, Smith filed a "Motion to Consolidate" the succession proceeding with the action against appellant. The motion set out that Smith was the succession representative, that he had instituted the suit to set aside the donation as provisional curator of Mrs. LaBorde and that he had been discharged from that capacity by reason of her death. The motion further alleged that the "revocatory action" was now "more appropriately brought in the succession proceeding by mover in his capacity as dative testamentary executor." The motion prayed that the cases be consolidated. The motion was granted, without objection, on December 22, 1986.
When the matter came for trial on February 12, 1987, appellant filed a "Peremptory Exception of No Cause of Action." The substance of the exception was that a succession representative could not maintain a revocatory action as he was not an obligee of the donor. The exception was referred to the merits and the matter proceeded to trial.
The trial judge found the petition adequately alleged a cause of action for revocation of the donation and admitted evidence, over appellant's objection, of the donor's finances. The trial judge further found the motion to consolidate was adequate to substitute the succession representative as plaintiff and that the succession representative was a proper party to bring the revocatory action. He rendered judgment revoking the donation and this appeal followed. Appellant filed an exception of prescription in this court.
Appellant makes ten (10) assignments of error on appeal. These assignments present the following issues:
1. may a succession representative maintain a revocatory action;
2. did the trial judge admit evidence beyond the scope of the pleadings over appellant's objection;
3. was the right to seek revocation of the donation extinguished by confusion; and
4. has the revocatory action prescribed.
Issue #1
Appellant argues the succession representative was never substituted for the provisional curator as the party plaintiff. Her position is the provisional curator could not bring a revocatory action and that, therefore, this case cannot be considered a revocatory action.
*961 The premise of appellant's argument, that there was no substitution of parties, is incorrect. The motion to consolidate showed Smith had been appointed succession representative, that he had been discharged as provisional curator and that "the revocatory action" was "more appropriately brought in the succession proceeding by mover in his capacity as dative testamentory executor." [emphasis added]. Appellant did not oppose this motion and it was granted. Appellant obviously considered the motion as effecting a substitution of parties as her exception referred to the plaintiff as the "succession representative."
The character of a pleading is controlled by its purpose and allegations, not its title. Jefferson v. Jefferson, 246 La. 1, 163 So.2d 74 (1964). Courts are obligated to treat pleadings as what they are rather than simply as what they have been labeled. Breithaupt v. Houston General Ins. Co., 398 So.2d 608 (La.App. 3d Cir.1981); Louisiana Livestock Sanitary Board v. Johnson, 372 So.2d 585 (La.App. 3d Cir.1979), writ denied, 373 So.2d 967 (La.1979).
Though the appellee's motion was styled "Motion to Consolidate" the trial judge correctly considered it a motion to substitute parties as its allegations clearly showed a substitution was appropriate and that a substitution of Smith, in his capacity as succession representative, was a primary purpose of the motion. The trial judge properly found such a substitution had been made.
For this reason, we consider the appellant's contention that the plaintiff had no right to maintain a revocatory action on the basis that the plaintiff is the succession representative.
Appellant contends that the revocatory action may be brought only by the obligees of the donor. He argues that only the tort victim creditors could bring a revocatory action.
The administrator of an insolvent succession represents creditors and may maintain an action for their benefit which the deceased could not have brought. Judson v. Connolly, 4 La.Ann. 169 (La.1849).
The purpose of the administration of a succession is the payment of debts and all powers of the administrator are incidental to that purpose. Succession of Roberts, 255 So.2d 610 (La.App. 1st Cir.1971), writ refused, 257 So.2d 148 (La.1972). The succession representative has the duty of collecting, presenting and managing the property of the succession in accordance with the law. LSA-C.C.P. art. 3191.
Here the revocatory action is essential to the succession's ability to pay its debts. The succession representative as the representative of the creditors, Judson, could properly bring and maintain a revocatory action.
Issue #2
Appellant contends the trial court allowed appellee to present evidence beyond the scope of the pleadings over her objection. The essence of this argument is that the petition did not adequately allege a revocatory action.
Pleadings need only set forth enough facts to afford the defending party sufficient information to prepare a defense and no technical form of pleading is required. State v. Jones, 373 So.2d 1331 (La.App. 4th Cir.1979). A party need not plead his theory of the case. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La.1974). A party may be allowed relief under any theory of law which may be justified under the facts. Comeaux v. Pa. General Ins. Co., 490 So.2d. 1191 (La.App. 3d Cir.1986); Succession of Stevenson, 492 So.2d 100 (La.App. 1st Cir.1986), writ denied, 494 So.2d 1178 (La.1986).
The petition alleged that the donation was void and should be rescinded. It further alleged that the donor had divested herself of all or substantially all of her property through the donation leaving her insufficient assets to live. The "Motion to Consolidate" referred to the action as a "revocatory action."
These allegations are broad enough to admit proof of the revocatory action in view of the fact that fraud is no longer an element of that action. LSA-C.C. art. 2036 Comment (a). The petition as well as the *962 subsequent pleadings were adequate to put the appellant on fair notice of the action. Townsend v. Cleve Heyl Chevrolet-Buick, Inc., 318 So.2d 618 (La.App. 2d Cir.1975).
The trial judge properly admitted and considered the evidence to support the revocatory action.
Issue #3
Appellant argues that any cause of action to revoke the donation was extinguished due to confusion. She contends that because the succession must be joined in the action to revoke, LSA-C.C. art. 2042, the succession representative's action in representing the creditors results in confusion which extinguishes her obligation. We disagree.
The succession representative represented the creditors who had a right to seek the return of the transferred asset. However, he never represented the appellant who owes the obligation to return the property. LSA-C.C. art. 2043. The donor, even though a necessary party, owes a different obligation than appellant, namely an obligation not to make transfers causing or increasing her insolvency. LSA-C.C. art. 2036.
Thus, there was no confusion, or at most incomplete confusion, which does not extinguish the obligation. Dept. of Culture v. Fort Macomb Development, 385 So.2d 1233 (La.App. 4th Cir.1980).
Issue #4
Appellant contends the revocatory action was prescribed. Appellants' contention is apparently that as the provisional curator had no right of action the suit filed by the provisional curator did not interrupt the one year prescription of the revocatory action. LSA-C.C. art. 2041. This contention is incorrect.
It is sufficient to interrupt prescription that a cause of action be asserted that is adequate to put the defendant on notice of the nature of the claim against him. It is not necessary that the action be brought by the correct plaintiff or that he sue in the proper procedural capacity. Jones v. Philco-Ford Corp., 441 So.2d 1251 (La.App. 1st Cir.1983), rehearing, 452 So.2d 370 (La. App. 1st Cir.1984), writs denied, 457 So.2d 1193, 1198 (La.1984).
An amendment adding or substituting a plaintiff relates back to the original petition if (1) the amended claim arises from the same transaction, (2) the defendant knew or should have known of the existence of the new plaintiff; (3) the new and old plaintiffs are sufficiently related, and (4) the defendant will not be prejudiced in preparing and conducting its defense. Giroir v. South La. Medical Ctr., Etc., 475 So.2d 1040 (La.1985).
Here there was no amendment to the factual allegations of the petition and the matter arises from the same facts originally alleged. Appellant should have known a succession representative would be appointed. The succession representative is closely related to the original plaintiff, the provisional curator of the decedent. There should have been no prejudice to defendant's preparation and presentation of her case.
The substitution of parties relates back to the original filing. Giroir, supra. Further, the petition was sufficient to interrupt prescription even if the provisional curator was not the proper party to bring the action. Jones, supra.
Conclusion
Appellant's assignments of error are without merit.[1] The judgment is affirmed at appellant's costs.
NOTES
[1] Appellant has assigned as error the trial court's failure to hold that appellee has lost its rights through a failure to file a lis pendens as she is entitled to rely on the public records. Appellant has not addressed this assignment in brief and we have some difficulty discerning appellant's complaint.

However, we note that at the time of the donation there was no pending interdiction of which notice could have been filed. We fail to see how the lack of a notice of lis pendens has in any way prejudiced appellant who was the initial recipient of the donation. We find this assignment to be without merit.