155 So.2d 87 (1963)
Prentiss B. NETTLES et al., Plaintiffs-Appellees,
v.
GREAT AMERICAN INSURANCE COMPANY et al., Defendants-Appellants.
No. 5862.
Court of Appeal of Louisiana, First Circuit.
June 3, 1963.
Rehearing Denied July 1, 1963.
Certiorari Refused October 1, 1963.
*88 Taylor, Porter, Brooks, Fuller & Phillips, by John I. Moore, Baton Rouge, for appellants.
Dyer & Wilson, by Billy O. Wilson, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
ELLIS, Judge.
These proceedings arise out of a rear-end collision which occurred at the intersection of Florida Blvd. and North Foster Drive in the City of Baton Rouge on August 25, 1960. Prentiss B. Nettles was the owner of a 1957 Chevrolet which was being driven by his minor son, Charles Houston Nettles. The Chevrolet was struck from the rear by a 1960 Buick being driven by James Nagel, owned by Miller Buick Company and insured by Great American Insurance Company.
The trial court found that the cause of the accident was the negligence of the defendant, James Nagel and we concur in this determination. The defendant on appeal has not seen fit to urge either that James Nagel was free of negligence or that Charles Houston Nettles was contributorily negligent and has evidently abandoned these contentions.
The issues on appeal involve the defendants' plea of prescription, whether or not Prentiss B. Nettles and/or Charles Houston Nettles are properly before the court, and quantum.
On August 9, 1961 Prentiss B. Nettles filed this suit as head and master of the community of acquets and gains in existence between himself and his wife seeking $480.20 in automobile property damage and medical bills. He also appeared in that suit as the administrator of the estate of his minor son, Charles Houston Nettles, seeking $30,000.00 for past and future pain, suffering, disability and inconvenience and for loss of one year's education at Louisiana State University.
*89 The suit was brought against James Nagel and Great American Insurance Company as the negligent driver and liability insurer respectively.
Prentiss B. Nettles' petition, however, discloses that Charles Houston Nettles became twenty-one years of age on February 6, 1961, some six months prior to the suit filed by his father. Therefore, at the time suit was filed, it cannot be seriously disputed that Prentiss B. Nettles was without a right of action as to the cause of action involving the claim for pain and loss of education. This cause of action belonged to Charles Houston Nettles at all times and upon reaching age twenty-one he should have brought the action himself.
Nearly two months after the passage of the first anniversary of the accident, the defendants, Great American Insurance Company and James Nagel filed a peremptory exception of no right of action alleging therein that Prentiss B. Nettles had no right of action as to the claim for bodily injury to Charles Houston Nettles, the latter being a competent major as of the date suit was filed. The trial judge was evidently impressed with the defendants' oral argument because the court minutes for October 31, 1961 read as follows:
"For oral reasons assigned plaintiff is allowed 15 days within which to substitute party plaintiff, otherwise exception of no right of action will be maintained and plaintiff's suit dismissed."
The plaintiff sought to comply with this decision by a joint motion of Prentiss B. Nettles and Charles Houston Nettles signed and filed November 8, 1961, which contains the following unfortunate language:
"IT IS ORDERED, ADJUDGED AND DECREED that Charles Houston Nettles be substituted as the proper party plaintiff and that Prentiss B. Nettles be relieved of any further action or appearance in the above captioned matter."
On November 13, 1961 defendants filed a peremptory exception of prescription alleging that as "Prentiss B. Nettles was without procedural or representative capacity to bring suit on behalf of his adult son * * * the filing of suit by Prentiss B. Nettles did not interrupt prescription as to Charles Houston Nettles." Thus, not having been asserted until more than one year after the accident, the cause of action had prescribed.
This plea of prescription was overruled by the trial court on authority of Ray v. Liberty Industrial Life Insurance Company, La.App., 180 So. 855. The Ray case involved an action by the beneficiary of an insurance policy. The defendant insurance company sought to avoid payment of a death claim on the ground that the cause of action had prescribed. The court found, however, that the prescriptive period had been interrupted by a prior suit which had been filed by an alleged assignee of the beneficiary in an attempt to collect on the identical policy which was the foundation of the present suit, within the prescriptive period against the same defendant. The opinion in that case at page 856 reads in part as follows:
"Plaintiff, relying upon the earlier suit as interrupting prescription, calls attention to many cases in the reports of this state in which our courts have interpreted the provisions of the various articles of the Civil Code touching upon prescriptive periods and upon the various circumstances which tend to interrupt the running of prescription. Plaintiff also cites many cases here and elsewhere, in each of which it was held that an earlier unsuccessful suit had interrupted the limitation period. In some the citations in the earlier suits had been defective; in others the courts in which the earlier suits had been filed had been without jurisdiction; and in others the earlier suits had been dismissed for technical reasons, but in each it was held that the *90 earlier suit was sufficient to interrupt prescription.
"Without further reference to those and other cases, we deem it sufficient to say that, even prior to the enactment of Act No. 39 of 1932, to which we shall later refer, it had been well settled that the running of prescription was interrupted by an earlier suit which fairly apprised the obligor of the existence of the claim, and that technical defects as to parties plaintiff or in citation did not alter the situation, and, as we have said, this rule was well established as a result of the provisions of the Civil Codenotably article 3484even before the enactment of the statute to which we have referred.
"In 9 Tulane Law Review, page 286, in an article entitled `Prescription Interruption,' appears the following: `* * * Numerous cases have held that although there is some mistake as to the parties plaintiff, nevertheless the suit will interrupt prescription. Blanc v. Dupre, 36 La.Ann. 847, supra (suit by curator of succession whose appointment was null); Flower v. O'Connor, 1841, 17 La. 213 (suit by surviving partner of a firm who was non-suited because of lack of authority to represent the others); Becnel v. Waguespack, 1888, 40 La.Ann. 109, 3 So. 536 (suit by one co-owner for damage by trespass); Wolf & Sons v. New Orleans Tailor-Made Pants Co., 1903, 110 La. 427, 34 So. 590 (suit by individuals in their own names for tort to commercial partnership). This is in line with the French jurisprudence, in that the plaintiff need not have the capacity to sue in order to interrupt prescription. Huc, Connentaire du Code Civil XIV (1902) No. 386, p. 488; Baudry-Lacantenarie et Tissier, op. cit. supra No. 484, p. 369."
The defendants seek to distinguish these authorities on the basis that in each of the cases cited, the court found a common or solidary interest between or among the parties originally filing suit and those in favor of whom prescription was interrupted. We find nothing in those decisions, however, to indicate that such factor was controlling. Certainly there was no solidary interest in the Ray or Blanc cases.
In the early case of Flower v. O'Connor, 17 La. 213, the court held that a suit on a note which ended in non-suit brought by one member of a dissolved partnership interrupted prescription as to those persons to whom the cause of action belonged. In reaching this decision the court reasoned that the whole cause of action had been asserted and the defendant appraised of the fact that judicial proceedings to enforce that cause of action had been instituted. The opinion contains, at page 219, the following appropriate language:
"It is clear from this doctrine of Pothier, that in order to determine the effect and extent of a legal interruption, we must inquire more particularly into the object and cause of the action, than into the right of the plaintiff, the manner in which it is prosecuted and the competency of the court in which it is instituted; and endeavour to ascertain how far the knowledge of the titles on which the action is founded, has been brought home to the defendant by the judicial demand; and we do not hesitate to conclude that, if it be established that the defendant has been judicially notified of the titles which are the foundation of the demand for the whole of the property or of the debt, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results from said suit a legal interruption in favor of those to whom such rights may belong."
In the case of National Retailers Mutual Ins. Co., v. American Fidelity and Casualty Company et al., 51 So.2d 842, our brethren cited the case of Ray v. Liberty Industrial Life Ins. Co., supra, with approval and followed *91 the principle as laid down therein. In this case the court stated:
"* * * Consequently, we reaffirm our holding in that case without further discussion, and pass to a consideration of defendant's contention that the filing of the original petition by the subrogee against the insurer, against whom that plaintiff had no right of action, nevertheless interrupted the running of the one year prescriptive period as to the valid cause of action, set forth in the supplemental petition in favor of the subrogee and against the defendant insured and his insurer.
"Cited by plaintiff is the case of Ray v. Liberty Industrial Life Insurance Co., La.App., 180 So. 855, 856, in which the Court of Appeal of Orleans ruled that a plea of prescription would not be maintained against the plaintiff's contention that the running of prescription was interrupted by an earlier suit `which fairly apprised the obligor of the existence of the claim, and that technical defects as to parties plaintiff or in citation did not alter the situation * *.' In the Ray suit, the first action on the Liberty Industrial policy was filed by the Strudwick Funeral Home, Inc., which claimed to be an assignee of Octavia Ray, plaintiff in the second suit on the same policy. The first suit was dismissed for the reason that the Strudwick Funeral Home, plaintiff therein, had not secured a proper assignment from the insured, who was the party plaintiff in the second suit. The Court of Appeal held that the suit by the would-be assignee was an interruption of prescription, and overruled defendant's plea of prescription in the second suit in which the policy holder herself was the party plaintiff.
"In the present suit, the subrogation signed by the insured, Wasson, was attached to the petition and made a part of same. (Emphasis added)
* * * * * *
"In view of the modern tendency to avoid technicalities, and to permit prospective parties litigant to have their day in court, and in line with the holding of the Ray case, supra, we have concluded that prescription on the Wasson claim, as set forth in the supplemental petition, was legally interrupted as against the original defendant by the filing of the first petition."
Again in Andrepont v. Oschner, 84 So.2d 63, 67, the Orleans Court of Appeal (now Fourth Circuit Court of Appeal) cited with approval Ray v. Liberty Industrial Life Ins. Co., supra, and cases cited therein.
Counsel for defendant relies in the main upon the case of Callender v. Marks, 185 La. 948, 171 So. 86, Reserve Insurance Company v. Fabre, La.App., 140 So.2d 438, and Palmer v. Fidelity & Casualty Company of New York, La.App., 91 So.2d 77.
It is the defendant's contention that where an exception of no right or cause of action is sustained because the petition does not state any right or cause of action whatsoever, prescription is not interrupted by the filing thereof, and defendant cites and relies upon the Callender case as authority for the proposition, and in his brief quotes the following:
"The jurisprudence is well established that where a petition imperfectly states a cause of action due to insufficiency of allegations, but informs the defendant of the nature of the claim or demand, an amended petition supplying the deficiency may be filed even after an exception of vagueness or an exception of no right or cause of action has been sustained, and after the prescriptive period has elapsed, because the amendment does not set up a new, different, or separate cause of action, but merely clarifies and amplifies the allegations of the original petition or demand which interrupted prescription. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488; McCoy v. Arkansas Natural Gas Co. et al., 184 La. 101, *92 165 So. 632; National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234-240; James v. City of New Orleans, 151 La. 480, 91 So. 846-848; Missouri, etc., R. R. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134.
"[3] Where an exception of no right or cause of action is sustained because the petition does not state any right or cause of action whatsoever, prescription is not interrupted by the filing thereof, and the amended petition, or the subsequent suit, which does set forth a cause of action or another demand based on different grounds than those contained in the original petition, does not date back to the filing of the original petition, and, if filed after the prescriptive period has elapsed, will be dismissed upon a plea of prescription. National Park Bank v. Concordia Land & Timber Co., supra [159 La. 86, 105 So. 234]; De Bouchel v. Koss Const. Co., Inc., et al., 177 La. 841, 149 So. 496; Union Pacific R. Co. v. Wyler, 158 U.S. 285, 15 S.Ct. 877, 39 L.Ed. 983; Sicard v. Davis, 31 U.S. (6 pet.) 124, 8 L.Ed. 342."
The next paragraph in the case following the end of the above quote is as follows:
"In the instant case, as shown by the finding of the Court of Appeal and by the record, the exception of no right or cause of action filed in the original suit was sustained, because of insufficient allegations of fact in the petition. The plaintiff, therefore, filed a petition or demand which imperfectly stated his cause of action and was entitled to amend or file another suit, because the dismissing of the petition on the exception of no right or cause of action was equivalent to a nonsuit. McCoy v. Arkansas Natural Gas Co. et al., supra."
Clearly, from the above, the Callender case did not involve any exception of no right of action and, therefore, the statements made by the court as to the exception of no right of action are purely obiter dictum. Additionally, we do not believe the Court meant literally what it apparently said with regard to "no right of action." Too many times, prior and subsequent to the Callender case, have the courts of this state held, stated, and adopted the general law with regard to the interruption of prescription as was clearly stated in Andrepont v. Ochsner, 84 So.2d 63 at page 67, and we quote:
"Our courts have adopted a liberal attitude free from the fatalities of technicalities in cases involving analogous situations. Where a defendant is sued in a representative capacity, such as receiver of an insolvent corporation, or administrator of a succession, and is later sued in his individual capacity on the same cause of action, the first suit has been held to interrupt prescription running on the demand. Succession of Saunders, 37 La.Ann. 769; Vernon v. Illinois Cent. R. Co., 154 La. 370, 97 So. 493; Anding v. Texas & P. Ry. Co., 158 La. 412, 104 So. 190; Warn v. Mexican Petroleum Corporation, 6 La. App. 55; Calamia v. Mayer, La.App., 174 So. 668. It makes no difference that the plaintiff has no right to bring the action. Flower v. O'Connor, 17 La. 213; Bell v. Mix, 1 Rob. 393; Blanc v. Dupre, 36 La.App. 847; Becnel v. Waguespack, 40 La.Ann. 109; Boyd v. Heine, 41 La.Ann. 393, 6 So. 714; Wolf & Sons v. New Orleans Tailor-made Pants Co., 110 La. 427, 34 So. 590; Ray v. Liberty Industrial Life Ins. Co., La.App., 180 So. 855." (Emphasis added)
We do not believe the defendant's reliance upon Palmer v. Fidelity & Casualty Company of New York, supra, is warranted under the facts of the case. In that case after the father had filed suit as administrator of the estate of his minor children, and the passage of the normal prescriptive period of one year, he then filed a supplemental petition seeking to assert an individual *93 claim against the same defendant arising out of the same accident. This court correctly held that the plaintiff's supplemental claim had prescribed, reasoning that prescription is interrupted only with respect to the cause of action therein sued upon. This case involved prescription on a cause of action asserted for the first time after prescription had already run, whereas the claim of Charles Houston Nettles was first asserted by his father, although at the time it is clear he had no legal right to do so as young Nettles was a major, prior to the accrual of liberative prescription.[1]
In Reserve Insurance Company v. Fabre, supra, this court found as a fact that at the time plaintiff filed the third party petition against the defendant he did not have a cause of action against the defendant as it had not then made any payment to its assured under the provisions of its insurance policy. We held that:
"* * * Inasmuch as it did not become subrogated to its insured's cause of action against defendant until payment, its cause of action against defendant did not arise until some three years after the collision, or some two years after it filed the third party action. Therefore, petitioner had no legal right to file the third party action upon which it now relies to interrupt prescription, and consequently the filing of the third party action had no legal effect and could not serve to interrupt prescription."
We simply held in the above case that as the cause of action had not arisen at the time the suit was filed, the plaintiff had no cause of action.
We therefore conclude that the trial judge was correct in overruling defendant's plea of liberative prescription as the running of prescription was interrupted on August 8, 1961 by the filing of the suit by Prentiss B. Nettles in a representative capacity, even though legally unwarranted, for and on behalf of Charles Houston Nettles, his son.
Having disposed of the plea of prescription, we now turn our attention to a consideration of the legal effect of the motion and order of November 8, 1961, substituting plaintiffs.
Prentiss B. Nettles, on February 15, 1962, filed a petition of intervention in this suit which he had originally filed alleging that he had been inadvertently dismissed from the suit with respect to the cause of action for reimbursement for automobile property damage and for medical expenses. To this petition of intervention the defendants filed a peremptory exception of no cause or right of action, which was sustained. This exception was founded on the theory that if Prentiss B. Nettles had been dismissed from the suit he could not re-enter the suit, citing Article 1091, LSA-Code of Civil Procedure. On the other hand, if Prentiss B. Nettles had not been dismissed from the suit, he could not intervene in an action where he was already a party.
We adopt in part the reasons for judgment of the trial court disposing of this exception as our own, as follows:
"Considering the record here, it is my opinion that the order substituting a party plaintiff did not dismiss the father's original suit insofar as it seeks recovery for his automobile damage and medical expenses of his minor son. No such relief was sought by defendants' original exception of no right of action, and for that reason no such relief *94 was or could have been granted by the court. It follows, therefore, that no intervention here by the father is necessary for the assertion of his demands, and his petition of intervention is dismissed."
The defendants urge that Charles Houston Nettles is not before this court for the reason that Articles 801-807 LSA, Code of Civil Procedure do not provide for substitution of parties in a case where a minor attains majority prior to filing suit.
The rules of procedure are designed to create an orderly administration of justice and are not ends unto themselves. While it is technically true that Articles 805 and 807 do not contemplate the exact situation before this court, they are harmonious with the principle that the trial court should allow substitution in all cases where it is in the interest of justice.
In the instant case on the trial of the peremptory exception of no right of action filed to the initial petition, the trial court exercised this discretion and ordered the son Charles Houston Nettles to be substituted for the father, Prentiss B. Nettles.
To be technically correct the trial court might have dismissed the suit insofar as it sought to recover for bodily injury. This would have allowed Charles Houston Nettles to intervene in the suit and assert his claim for pain and loss of education. That Charles Houston Nettles would have done so is evidenced by the fact that he did enter the suit, using the method prescribed by the trial judge. To dismiss this action as to Charles Houston Nettles at this point would create a multiplicity of actions, for, having already held that prescription on the bodily injury claim was interrupted by the filing of the suit on August 9, 1961, Charles Houston Nettles would have one year from date of dismissal of this suit to bring another suit on the same cause of action. A plea of res judicata would not prevent this because a dismissal here would necessarily be on the ground that Charles Houston Nettles was never a party to this suit.
Such a result cannot be sanctioned by this court and, therefore we conclude that Charles Houston Nettles is a party plaintiff before this court, having been substituted as such insofar as claims for bodily injury and loss of education are concerned.
The last matter for consideration is quantum. The trial court gave judgment for Prentiss B. Nettles in the amount of $393.30, and we concur. This award is not contested on appeal.
The trial court rendered judgment to Charles Houston Nettles in the amount of $2,000.00. From this award both plaintiff and defendant have appealed.
Plaintiff suffered a sprain of the lower back as a result of the accident. He was treated by Dr. Robinson and Dr. Dowell. He was hospitalized twice in Baton Rouge General Hospital for a total of nine days. Hospital treatment consisted of traction and muscle relaxants to relieve the muscle spasm.
In addition, plaintiff was advised to and did wear a corset which had metal strip reinforcements in the back, from late October 1960 until sometime in January or February 1961.
Evidently the plaintiff was fully recovered as of February 1961 from injuries resulting from the automobile accident. In February 1961 he had been learning to roller skate backwards.
In December of 1960 plaintiff went to work for Brown and Root doing light work as a seaman in order to earn sufficient money to return to LSU in the Spring of 1961. This employment lasted about two months. There is no permanent disability.
In light of these facts we believe that an award of $2000.00 adequately compensates plaintiff for his pain and suffering and for the loss of one semester at LSU.
For the reasons assigned, the judgment of the trial court is affirmed.
Affirmed.

*95 On Rehearing
PER CURIAM.
Counsel for plaintiff in his application for re-hearing brings to the attention of the court that in the judgment affirming the award of $2,000.00 to the plaintiff, we did not amend same to award legal interest from date of judicial demand until paid, although it was prayed for by plaintiff in the answer to the appeal.
Counsel is correct and the judgment in favor of the plaintiff affirming the award of $2,000.00 is ordered amended to include the payment of legal interest from date of judicial demand until paid.
NOTES
[1] At the time the accident occurred Charles Houston Nettles was a minor and this fact may have been responsible for the suit being filed by the father in his representative capacity, although at the time of its filing young Nettles had obtained the age of majority. It is well to note that in the instant case Prentiss B. Nettles, father of Charles Houston Nettles, was not seeking recovery for the son's injuries in his own right but was seeking the recovery for, and on behalf of, his son, in a representative capacity and the right he was asserting was not claimed to be his own, but that of his son alone.