CULPEPPER, Judge.
This is a suit for damages for personal injuries arising out of an automobile accident. From a judgment awarding plaintiff $1,500 in general damages, the defendant appealed. Plaintiff answered the appeal, seeking an increase in the award.
The substantial issues are: (1) Whether defendant was negligent and (2) whether plaintiff was guilty of contributory negligence, barring her recovery.
There is little dispute as to the facts. The scene of the accident is in the city of Lake Charles at the intersection of Ryan Street, a four-lane traffic artery running north and south, with Sale Road, a two-lane road running east and west.
On the morning of the accident, traffic was fairly heavy. The defendant motorist, Mrs. Livengood, testified she was proceeding in an easterly direction on Sale Road and stopped at the intersection, intending to turn right onto Ryan; she looked to her left and saw the nearest vehicles on Ryan Street approaching about one-half block away; assuming she had time to proceed, she commenced a right turn onto Ryan Street; she had gone about two feet into the intersection when another vehicle, which had been stopped on Sale Road at the intersection facing west, entered the intersection and suddenly turned to the left on Ryan in front of defendant’s automobile; defendant therefore had to stop, with about two feet of her vehicle in the intersection and she could not back up because of another vehicle behind her; several cars proceeding in a southerly direction in the outside lane of Ryan Street went around her but then plaintiff’s vehicle, also going south in the outside lane of Ryan Street, struck the left front of defendant’s automobile.
Plaintiff’s version is that she was traveling south in the outside lane of Ryan Street, with several vehicles ahead of her, at a speed of 30 to 40 miles per hour (the speed limit was 35); she was about two car lengths, or perhaps 25 feet, behind the vehicle immediately ahead of her; she saw the brake lights appear on two vehicles ahead of her and then these vehicles veered from the outside lane to the inside lane; plaintiff considered the same action but another car in the inside lane beside her prevented such a manuever on her part; as the car immediately in front of her moved to the inside lane, she saw defendant’s vehicle for the first time approximately 15 feet ahead; defendant’s vehicle was a “good bit over two feet” into the intersection; she applied her brakes but was unable to avoid the collision.
The first issue is defendant’s negligence. Of course, a prima facie case of negligence is established by defendant being in the intersection and failing to yield the right of way to favored traffic proceeding south on Ryan Street. Defendant seeks to exculpate herself by saying that she was the victim of an emergency created by the other vehicle which came across the intersection from the east side of Ryan Street and turned left in front of her. There is a serious factual question as to whether this other vehicle, referred to by plaintiff’s counsel as the “phantom car,” actually existed. Defendant is the only witness who saw it, and she could not remember its color, make or occupants. The motorist immediately proceeding plaintiff did not see it, nor did a passenger in that vehicle. However, even assuming that such a vehicle did exist, we do not think defendant is relieved from fault. In this regard, we adopt as our own the reasoning of the trial judge, set forth in his written opinion as follows:
“After stopping for the intersection on Sale Road, it was Mrs. Livengood’s duty to ascertain that she could safely enter the intersection without impeding traffic on Ryan Street. The evidence is clear that a number of cars were approaching the intersection, traveling in a southerly direction, and that the first of these cars was approximately one-half block distant when Mrs. Livengood entered the inter *690 section to turn right therein. At that time, another vehicle not involved in the accident, came into the intersection from the East side of Ryan Street and turned in front of her. There is no evidence that said vehicle indicated any proposed left turn at that point, but the possibility thereof should have been considered by Mrs. Livengood before entering the intersection. Granting that, after entering the intersection, she was required to stop and could not move her vehicle in either direction, this situation would not have resulted by the exercise of proper care on the part of Mrs. Livengood, with fairly heavy traffic approaching from the North on Ryan Street and other traffic entering the intersection from the East side of Ryan Street. It must be concluded that her entering the intersection under these conditions and failing to yield the right of way to traffic proceeding South on Ryan Street constituted negligence on her part, which was the proximate cause of the collision.”
As to defendant’s special plea of contributory negligence on the part of the plaintiff, we likewise adopt as our own the reasoning of the trial judge as follows:
“The plaintiff was proceeding in a proper lane of traffic on a four-lane highway and was entitled to assume that traffic on Sale Road would not only stop at the stop sign for this intersection, but would not enter the intersection until it could safely do so without impeding traffic on the principal highway. When the plaintiff saw brake lights appear on vehicles ahead of her, she realized that there was some difficulty in the highway ahead and intended to follow the preceding vehicles by turning into the inside lane and, when she realized that she could not do so because of traffic approaching in that lane, she then saw the Buick protruding into the intersection and applied her brakes, stating that she was then approximately 15 feet from the Buick and was unable to bring her car to a stop prior to the collision. Finding herself in this emergency, which was not created by her or to which she did not contribute, her application of brakes and attempt to stop her vehicle was a reasonable reaction, in the opinion of the Court, although the physical facts indicate that she may have been able to have passed in front of the Buick in her lane of traffic without becoming involved in a possible accident with other vehicles traveling in the same direction in the inside lane of traffic. For these reasons, the Court concludes that the plaintiff was not guilty of any negligence which could be considered as a contributing cause of the collision.”
Defendant argues on appeal that plaintiff was not keeping a proper lookout and that, in any event, plaintiff had plenty of room in her lane of traffic to go around defendant’s vehicle. The trial judge has adequately answered these arguments in the above quoted portion of his opinion.
As to quantum, plaintiff suffered straining injuries to the cervical and lumbar areas of the back. These were not serious and were treated with drugs and medco-sonolator treatments in the doctor’s office. She missed only about two weeks from her duties as a school teacher but continued to take therapy treatments once a month for about one year after the accident. Under the circumstances, an award of $1,500 in general damages is not an abuse of the trial judge’s great discretion as to quantum. Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64.
Another issue is raised by the fact that although plaintiff originally filed suit for only her injuries, more than a year after the accident she sought to amend her petition to additionally claim the sum of $2,000 for injuries to her minor daughter. The trial judge was clearly correct in holding that these were two separate causes of action and that the one on behalf of the *691 daughter had prescribed. Nettles v. Great American Insurance Company, La.App., 155 So.2d 87, (1st Cir. 1963) and the authorities cited therein.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.