276 So.2d 262 (1973)
Corbett E. NINI, Jr.
v.
SANFORD BROTHERS, INC. and Surplus Underwriters, Inc.
No. 52363.
Supreme Court of Louisiana.
March 26, 1973.
Rehearing Denied May 7, 1973.
*263 Organ & Pierce, Donald V. Organ, Donald M. Pierce, New Orleans, for defendants-applicants.
Slavich & Eggleston, Chester A. Eggleston, New Orleans, for plaintiff-respondent.
DIXON, Justice.
Corbett E. Nini, Jr., was injured July 19, 1966 while employed by defendant Sanford Brothers, Inc. He received workman's compensation until January 16, 1967. On December 7, 1967 Nini authorized his attorney to file suit for workmen's compensation benefits. The suit was prepared on December 8, 1967. On Saturday, December 9, 1967 Mr. Nini was killed in an unrelated accident.
The suit was filed December 11, 1967, on which day Nini's attorney was informed of his client's death.
Defense counsel wrote plaintiff requesting additional time to plead, and subsequently filed a motion for summary judgment on March 20, 1968, alleging the fact of Nini's death and the fact that no one had been substituted as the party plaintiff.
On October 11, 1968, hearing date on the motion for summary judgment, the court, without objection from defendants, granted Mrs. Corbett E. Nini, Jr. leave to substitute herself as party plaintiff in her capacity as provisional administratrix and natural tutrix of the minor children of the marriage.
On November 8, 1968 defendants filed an exception of prescription based on the fact that Mrs. Nini had not been substituted as a plaintiff until more than a year after the last compensation had been paid on January 16, 1967.
Finding that the amended petition related back to the filing of the suit, the trial judge overruled the exception of prescription. At the trial on the merits, there was judgment in favor of plaintiff for workmen's compensation benefits and for medical expenses.
The Court of Appeal affirmed, only amending the judgment to grant plaintiff legal interest on the amount recovered (258 So.2d 647 (1972)).
The defendants assign as error: the finding that the original suit, filed after the death of the plaintiff, interrupted prescription; the finding that allowing Mrs. Nini to be substituted as party plaintiff related back to the original petition; the fact that the Court of Appeal relied on the absence of the exception of no cause or right of action in determining the issues.
It is true that both the Court of Appeal and the trial court emphasized the absence of an exception of no cause of action, and held that the amended petition, in which the widow was substituted as a party plaintiff, related back to the original petition.
We do not consider the absence of an exception of no cause of action of any importance in determining the issues presented. However, we find no disagreement with the district court and the Court of Appeal in their finding that the amended petition "relates back" to the date of the filing of the original petition. C.C.P. 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
See, Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211 (1969), *264 where, at page 232, cases are discussed which have allowed amendments filed after the prescriptive period to name the correct plaintiffs or the correct capacity of the plaintiffs.[1] However, we prefer to base our opinion upon the less mechanical and more basic question: does a suit filed on behalf of a plaintiff who has died prior to the filing of the suit interrupt prescription? We answer in the affirmative.
When the defendant knows or should know, prior to the expiration of the prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted. The specific statutory provision concerning running against workmen's compensation claims is found in R.S. 23:1209:
"... all claims for payments shall be forever barred unless... within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment."[2]
Whether the one year period provided in R.S. 23:1209 is "peremptive" or "prescriptive,"[3] we perceive that the same principles will apply to the interruption of liberative prescription by suit in a tort action as will apply to the delay allowed for bringing a workmen's compensation action which, by the terms of the statute creating it, ceases to run at the institution of legal action upon the claim.
In Harris v. Traders and General Insurance Company, 200 La. 445, 8 So.2d 289, the objects of time limitations for bringing workmen's compensation actions were discussed, and the following language approved at 8 So.2d 289, 293:
"`* * * The purpose of the requirement that a suit be brought by the claimant within one year after the accident under the penalty of barring his recovery is of a three fold nature; (1) to enable the employer to determine when his potential liability for an accident would cease; (2) as a matter of public policy to prevent suits based on stale claims where the evidence might be destroyed or difficult to produce; (3) to fix a statute of repose giving rise to a conclusive presumption of waiver of his claim on the part of an employee where he fails to bring his suit within the fixed period.'"
Professor Malone states of Harris in Malone, supra, note 3, p. 493:
"It is clear that all three purposes set forth above are those which underly the ordinary plea of prescription liberandi causa. Furthermore, it is noteworthy that the language in Section 31 is to the effect that claims for payment shall be `barred' unless proceedings are taken as set forth therein. This is consistent with the approach of a statute of limitations or prescription; and particularly is this true in light of the requirement of liberal interpretation of compensation acts."
In Louisiana, the essence of interruption of prescription by suit has been notice *265 to the defendant of the legal proceedings based on the claim involved.[4] If suit is filed in a court of competent jurisdiction, prescription is interrupted. Otherwise, if the suit is filed in a court which does not have jurisdiction, prescription is not interrupted until service.[5]
Such was the conclusion of the Court of Appeal for the First Circuit in Nettles v. Great American Insurance Company, La.App., 155 So.2d 87. The court held that the father's filing of a suit on behalf of his son for personal injuries interrupted prescription, even though the father had no capacity to sue because his son, a minor at the time of the accident, had reached twenty-one years of age before the suit was filed on his behalf. The court relied on cases from this court, and quoted with approval from 9 Tul.L.Rev. 285, 286 (1934):
"Numerous cases have held that although there is some mistake as to the parties plaintiff, nevertheless the suit will interrupt prescription. Blanc v. Dupre, 36 La.Ann. 847, supra (suit by curator of succession whose appointment was null); Flower v. O'Connor, 1841, 17 La. 213 (suit by surviving partner of a firm who was non-suited because of lack of authority to represent the others); Becnel v. Waguespack, 1888, 40 La.Ann. 109, 3 So. 536 (suit by one co-owner for damage by trespass); Wolf & Sons v. New Orleans Tailor-Made Pants Co., 1903, 110 La. 427, 34 So. 590 (suit by individuals in their own names for tort to commercial partnership). This is in line with the French jurisprudence, in that the plaintiff need not have the capacity to sue in order to interrupt prescription. Hue, Commentaire du Code Civil XIV (1902) No. 386, p. 488; Baudry-Lacantenarie et Tissier, op. cit. supra No. 484, p. 369."
Nettles relied in part on Flower v. O'Connor, 17 La. 213 (1841), where the court held that a suit on a note by a former partner in a defunct partnership interrupted prescription as to all those former partners and heirs of former partners to whom the cause of action belonged. As authority, the court quoted a selection from Pothier to the effect that when it is established that the defendant has been judicially notified, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results a legal interruption in favor of those to whom the rights may belong. 8 Oeuvres de Pothier, Traite de la Prescription, Partie I, Chapitre II, No. 54 (1835). The court said:
"It is clear from this doctrine of Pothier, that in order to determine the effect and extent of a legal interruption, we must enquire more particularly into the object and cause of the action, than into the right of the plaintiff, the manner in which it is prosecuted and the competency of the court in which it is instituted; and endeavour to ascertain how far the knowledge of the titles on which the action is founded, has been brought home to the defendant by the judicial demand; and we do not hesitate to conclude that, if it be established that the defendant has been judicially notified of the titles which are the foundation of the demand for the whole of the property or of the debt, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results from said suit a legal interruption in favor of those to whom such rights may belong. This seems also to be the true spirit of our law on this subject, as from the expressions of the art. 3484 of the Louisiana Code, to wit: `a legal interruption *266 takes place, when the possessor has been cited to appear before a court of justice, on account either of the property or of the possession;' the law appears to contemplate that the object and cause of the action, ought to be the principal criterions which should be resorted to for the purpose of ascertaining the fact and the extent of the interruption resulting from a judicial demand." (17 La. at 219).
Embodying the same fundamental idea is National Surety Corporation v. Standard Accident Insurance Company, 247 La. 905, 175 So.2d 263 (1965),[6] in which this court held that prescription against a tortfeasor was interrupted as to the injured intervenor by the timely filing of a suit against the tortfeasor by the intervenor's compensation carrier. Chief Justice Hamlin emphasized phrases in R.S. 9:5801 as follows: "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue."
Because the elemental basis of legal interruption of liberative prescription in tort suits is informing the defendant of the legal demand, the argument that "a suit by a dead man is no suit" is specious.
"A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. ..." C.C.P. 421.
That the plaintiff lacks the capacity to sue, for whatever reason, does not mean that no suit would exist. Only the application of a fiction could reduce a suit to nothing. Every essential for a legal interruption is present: the petition states a real and genuine (not spurious) cause of action, filed in a court of competent jurisdiction and proper venue, informing the defendant that judicial demand is made for workmen's compensation benefits arising from a particular accident.
For these reasons, the judgment of the Court of Appeal is affirmed, at defendants' cost.
BAILES, J., dissents and assigns reasons.
BAILES, Justice (dissenting).
I cannot agree with the majority. The filing of the petition after the death of Mr. Nini was nothing more than the filing of a paper. The attorney-client relationship had terminated on the death of Mr. Nini. There was no notice as contemplated by the law for the interruption of prescription. The right of action that existed in the decedent terminated at his demise and a new right of action perhaps was created in certain other persons.
C.C.P. Article 681 provides:
"Except as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts." (Emphasis added)
See C.C.P. Articles 683, 684, 692-695, and 700 for the exceptions, none of which are applicable here.
In 70 C.J.S. p. 686, the word person is defined as follows:
"The word `person' is variously defined as meaning any being having life, intelligence, will, and separate individual existence, distinguished from * * * an inanimate * * *."
*267 The filing of suit after the death of the plaintiff is no filing at all. It is my position that no legal action was filed on the claim.
I respectfully dissent.
NOTES
[1] Vastola v. Insurance Co. of N. America, 204 So.2d 605 (La.App.4th Cir. 1967), Nettles v. Great American Ins. Co., 155 So.2d 87 (La.App.1st Cir. 1963), writ refused 244 La. 1024, 156 So.2d 227 (1963), Tate v. Norfolk & Dedham Mut. Fire Ins. Co., 153 So.2d 495 (La.App.1st Cir. 1963).
[2] Part III of the act refers to the voluntary settlement of claims; Part IV refers in part to the institution of suit.
[3] See, Ancor v. Belden Concrete Products, Inc., 260 La. 372, 256 So.2d 122 (1972), Harris v. Traders and General Ins. Co., 200 La. 445, 8 So.2d 289 (1942), Brister v. Wray-Dickinson Co., 183 La. 562, 164 So. 415 (1935). See also Malone, Louisiana Workmen's Compensation Law and Practice, § 384, p. 491 (1951).
[4] Comment, 14 Tul.L.Rev. 601, 608 (1940).
[5] "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process." (R.S. 9:5801).
[6] American Security Insurance Company v. Insurance Company of North America, 220 So.2d 163 (La.App.4th Cir. 1969), is overruled insofar as it conflicts with National Surety Corporation v. Standard Accident Insurance Company, supra, and this opinion.