365 So.2d 568 (1978)
Edward DALBY (Amended 9-14-77) Eula Mae Guidry Dalby, Plaintiff and Appellant,
v.
UNITED STATES FIDELITY & GUARANTY CO. and Aetna Life and Casualty Insurance Company (Amended 9-4-77 Eastman Central, a division of U. S. Brass Corp. and the Travelers Insurance Co.) Defendants,
Eastman Central D., Travelers Insurance Co., the City of Morgan City and United States Fidelity & Guaranty Co., Appellees.
No. 12265.
Court of Appeal of Louisiana, First Circuit.
November 20, 1978.
*569 Roy A. Maughan, Baton Rouge, for plaintiff and appellant.
Michael J. McNulty, III, Bauer, Darnall, McNulty & Boudreaux, Franklin, for USF & G and City of Morgan City.
Wendell H. Gauthier, Gauthier & Murphy, Kenner, for Aetna Cas. & Sur. Ins. Co. and Jordan's Electrical Supplies, Inc.
Jerry A. Oubre, Caffery, Duhe, Oubre & Gibbens, New Iberia, for Eastman Central & Travelers Ins. Co.
Before SARTAIN, CHIASSON and EDWARDS, JJ.
EDWARDS, Judge.
Plaintiffs, Edward Dalby and Eula Mae Guidry Dalby, appeal a judgment of the trial court which sustained exceptions of "no right and no cause of action" to the claim of Edward Dalby, sustained an exception of prescription to the claim of Eula Mae Guidry Dalby, and dismissed plaintiffs' suit.
On June 1, 1976, Edward Dalby filed this suit, alleging that he had sustained property damage and loss of business revenue as a result of a natural gas explosion at the Jordan Electric Company on January 11, 1976. The damage sustained included damage to a 1968 Sapphire Mobile Home, loss of rent from the mobile home, property damage to the business known as the "Star Bar", and loss of profits from the business.
On September 14, 1977, more than one year after the date of the explosion, Eula Mae Guidry Dalby filed a motion and obtained an order to be substituted as party plaintiff, contending that she had acquired from Edward Dalby, by virtue of a written property settlement, all of his interest in the claim for damages in the instant suit. An amended petition, filed the same day, listed the plaintiffs as "Edward Dalby and/or Eula Mae Guidry Dalby, and Peggy Guillory,"[1] but did not state in what capacity each was proceeding. Hence, Eula Mae Guidry Dalby could be asserting a right of action on her own behalf as well as one based on an assignment from Dalby.
The deposition of Eula Mae Guidry Dalby was taken on August 30, 1977, and is contained in the record. In this deposition, Eula Mae Guidry Dalby testified that she was already married to Elgee McGee, from whom she had not been divorced, at the time she married Dalby. She further testified that both she and Dalby were, at all times, aware of the fact that she was still married to McGee. She stated that she was still married to McGee at the time of the explosion. Regarding the items damaged by the explosion, she testified that both the mobile home and the business (the Star Bar) had been acquired by her prior to her marriage to Dalby, and that Dalby had no interest in either the mobile home or the business.
Based on this testimony, the defendants filed peremptory exceptions[2] raising the objections of no cause of action, no right of action and prescription. The first two objections were raised against the claim of *570 Edward Dalby contending that he did not own or have an interest in the damaged property. The third objection was urged against the claim asserted by Eula Mae Guidry Dalby on her own behalf because this claim was not filed within one year of the date of the explosion.
Plaintiffs argue that the trial court erred in sustaining these exceptions and dismissing their suit.

No Cause of Action
The petition filed in this suit clearly states a cause of action under LSA-C.C. art. 2315. It is equally clear that the defendants are not seriously attacking the existence of a grievance for which the law affords a remedy (no cause of action), rather they are questioning the plaintiffs' interest in the subject matter of the litigation (no right of action).[3] The objection of no cause of action, therefore, should have been overruled.

No Right of Action
The record indicates that Eula Mae Guidry Dalby, rather than Edward Dalby, owned the mobile home and business damaged by the explosion, and therefore she was the proper party plaintiff. Nonetheless, plaintiffs contend that Edward Dalby had an interest in the subject matter of this litigation by virtue of: 1) the existence of a putative community property regime with Eula Mae Guidry Dalby; or 2) the existence of a partnership or joint venture with Eula Mae Guidry Dalby as a result of living together for seven (7) years.
The unrefuted evidence in the record discloses an absence of good faith on the parts of both Edward Dalby and Eula Mae Guidry Dalby in the bigamous marriage. Edward Dalby was aware of the fact that Eula Mae Guidry Dalby was married to Elgee McGee, and that this marriage had not been terminated by divorce or death. Consequently, the bigamous marriage produced no civil effects in favor of either party. LSA-C.C. arts. 117 and 118. No putative community property regime was established. Tucker v. Joseph, 292 So.2d 357 (La.App.1st Cir. 1974).
Concerning plaintiffs' second contention, we find, assuming arguendo the existence of a partnership or joint venture (a fact which was not proved and which we need not reach), that Edward Dalby would still not possess a right of action to bring this suit.
In Louisiana the partnership (a joint venture is governed by the same rules and principles applicable to partnerships, see Villarrubia v. Roy, 162 So.2d 86 (La.App.4th Cir. 1964) and cases cited therein) is the proper party plaintiff to maintain an action for damage to partnership property. LSA-C.C.P. art. 688. A suit on such a claim brought individually in the name of a partner fails to disclose a right of action or interest in the plaintiff to institute the suit. Bradley v. Lemoine, 278 So.2d 148 (La. App.1st Cir. 1973), and Apex Sales Co., Inc. v. Abraham, 201 So.2d 184 (La.App.4th Cir. 1967).
We find that the trial court correctly sustained the exception of no right of action to the claim of Edward Dalby.

Prescription
Plaintiffs rely on two contentions to show that the trial court erred in sustaining the exception of prescription to the claim of Eula Mae Guidry Dalby.
First, plaintiffs argue that the trial judge did not properly rule on the exception of prescription (despite the written judgment to the contrary) because the court's extract of minutes do not reflect any disposition of the exception of prescription. Plaintiffs cite no authority in support of this position.
Our examination of the judgment shows affirmatively that the trial judge sustained the exception of prescription to the claim of Eula Mae Guidry Dalby. Such *571 a fact, apparent on the face of a signed judgment, must prevail over a minute entry. See National Surety Co. v. Crescent City Mfg. Co., 12 Orleans App. 255 (1915).
Second, plaintiffs argue that the original petition filed by Edward Dalby interrupted prescription in favor of the claim asserted by Eula Mae Guidry Dalby in the amended petition filed more than a year after the explosion. We agree.
Our Supreme Court stated in Nini v. Sanford Brothers, Inc., 276 So.2d 262 at pp. 264-265 (La.1973):
"In Louisiana, the essence of interruption of prescription by suit has been notice to the defendant of the legal proceeding based on the claim involved." (footnote omitted).
Additionally, LSA-R.S. 9:5801 provides:
"All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, including minors or interdicts, by the commencement of a civil action in a court of competent jurisdiction and in the proper venue. When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process." (emphasis supplied).
This Court in Nettles v. Great American Insurance Company, 155 So.2d 87 (La. App.1st Cir. 1963), writ refused, 244 La. 1024, 156 So.2d 227 (1963), was confronted with this same issue and, after reviewing the pertinent cases dealing with interruption of prescription, concluded that a petition, which sets forth a valid cause of action, filed timely by a plaintiff who had no right of action, nevertheless, interrupted the running of the one year prescriptive period in favor of the proper party plaintiff.
Such is the situation in this instance. We find that every element essential for a legal interruption is present in this case: the petition states a cause of action; it is filed in a court of competent jurisdiction and venue; and it informs the defendants that judicial demand is made for damages in tort arising out of a specific incident. Nini, supra. Accordingly, the original petition interrupted prescription in favor of the later claim asserted by Eula Mae Guidry Dalby in the amended petition.
For the above reasons, the judgment of the trial court is affirmed insofar as it sustained the exception of no right of action to the claim of Edward Dalby, reversed insofar as it sustained the exception of no cause of action, reversed insofar as it sustained the exception of prescription to the claim of Eula Mae Guidry Dalby, and remanded for further proceedings as to the claim of Eula Mae Guidry Dalby. Costs to await a final disposition of the case.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] The claim of Peggy Guillory is not involved in this appeal and is not before us.
[2] Defendants also filed motions for summary judgment and/or to strike substitution of party plaintiff. The trial court did not rule on either of these motions. Accordingly, we do not address appellants', apparently erroneous, fourth specification of error which complains that the trial court granted these motions.
[3] For a discussion of the distinction between no cause of action and no right of action, and the "mongrelization" of the two concepts see Bamber Contractors, Inc. v. Henderson Brothers, Inc., 345 So.2d 1212 (La.App.1st Cir. 1977).