MARCUS, Justice
(concurring in part and dissenting in part).
The first question is whether the filing of the survival action by Roy Giroir, as administrator of the estate of Earline Giroir, satisfied the one-year requirement of La. Civ.Code art. 2315[1] so as to entitle both Roy Giroir and the Giroir children to recover survival damages. That the plaintiff bringing the action lacks the capacity to sue, for whatever reason, does not matter, if the defendant has been notified of the titles which are the foundation of the demand for the whole of the property or debt, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him. Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973); Flower v. O’Connor, 17 La. 213 (1841). An amendment can be filed after the prescriptive period to name the correct plaintiffs or the correct capacity of the plaintiffs, and the amendment will relate back to the date of the original filing. La.Code Civ.P. art. 1153;[2] Nini v. Sanford Brothers, Inc., supra.
The survival action of Roy Giroir, as administrator of the estate of Earline Gir-oir, notified SLMC that suit was being filed on behalf of the heirs of Earline Giroir who might be entitled to recover for the damages that she had suffered and would have been entitled to recover if she had lived. Hence, the supplemental and amending petition asserting that the beneficiaries were suing in their individual capacity “related back” to the filing of the original petition. Accordingly, I concur with the majority in this respect.
However, I consider that the Giroir children’s wrongful death actions have pre *1047 scribed. Survival and wrongful death actions are two separate and distinct causes of action which arise from a common tort but at different times and are addressed to the recovery of damages for totally different injuries and losses. Guidry v. Theriot, 377 So.2d 319 (La.1979). The original petition notified SLMC that judgment was being sought against it for all the damages suffered by Earline Giroir (survival action) and for the damages which Roy Giroir, individually, had suffered as a result of her wrongful death. Nothing indicated that the Giroir children had also suffered com-pensable damages as a result of Earline Giroir’s death. SLMC was therefore not put on notice that it should preserve and collect evidence of such damages. Furthermore, it was not notified of the increased liability that such damages would entail. Cf. National Surety Corp. v. Standard Accident Insurance Co., 247 La. 905, 175 So.2d 263 (1965). Rickey James Giroir and Lark Giroir Pitre cannot now be said to have timely instituted their wrongful death actions just because we find that their rights to recover for their mother’s damages were timely exercised on their behalf by their father as administrator. Cf. Gunter v. Planche, 439 So.2d 437 (La.1983). The wrongful death actions of the Giroir children have prescribed because SLMC was not given notice thereof within the one-year period provided by La.Civ.Code art. 3492.[3] Accordingly, I disagree with the majority in this respect.
For the foregoing reasons, I concur in part and dissent in part.

. La.Civ.Code art. 2315 provides in pertinent part:
D. (1) The right to recover all other damages caused by an offense or quasi-offense, if the injured person dies, shall survive for a period of one year from the death of the deceased in favor of:
(a) The surviving spouse and child or children of the deceased, or either such spouse or such child or children;

(2) The survivors in whose favor this right of action survives may also recover the damages which they sustained through the wrongful death of the deceased.

. La.Code Civ.P. art. 1153 provides:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.

. La.Civ.Code art. 3492 provides:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.