525 So.2d 244 (1988)
Pinky SAM, Tutrix of Reginald Sam
v.
SORREL ELECTRICAL CONTRATORS, INCORPORATED, Herman J. Zimmerman and Security Insurance of Hartford.
No. CA 87 0119.
Court of Appeal of Louisiana, First Circuit.
April 19, 1988.
Rehearing Denied June 6, 1988.
*245 Charles L. Porter, Donald R. Fuselier and Curtis Sigur, Porter & Fuselier, New Iberia, for appellant.
Robert M. Mahony, Lafayette, for appellees.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
EDWARDS, Judge.
From a judgment dismissing her action on an exception of prescription, plaintiff appeals. We reverse and remand.
This is a wrongful death and survival action filed on behalf of the minor acknowledged natural child of the decedent. The decedent was killed as a result of an automobile accident on October 20, 1980, and this suit was filed on April 25, 1986, well beyond the one year prescriptive period. Nevertheless plaintiff claims that prescription was interrupted on April 8, 1981, with the filing of a wrongful death and survival action by decedent's mother, and that prescription began to run anew on September 20, 1985, when that action was dismissed on an exception of no right of action.
Prescription is interrupted when an obligee commences an action against an obligor in a court of competent jurisdiction and venue. LSA-C.C. art. 3462. Defendants argue, however, that because the suit relied upon to interrupt prescription was ultimately dismissed on an exception of no cause of action, that is, the suit turned out to be no suit at all, there was therefore no interruption of prescription. Although not destitute of logic, this argument cannot prevail. The law is clear that despite its dismissal, such a suit can indeed interrupt prescription.
In Mm v. Sanford Brothers, Inc., 276 So.2d 262, 264 (La.1973), our supreme court held that a suit filed on behalf of a plaintiff who had died prior to the actual filing of the suit interrupted prescription. Rejecting the argument that a suit by a dead man is no suit at all, and thus cannot interrupt prescription, the court stated that "the essence of interruption of prescription by suit has been notice to the defendant of the legal proceedings based on the claim involved." Id. at 264-65. The court went on to cite numerous cases in which a suit had interrupted prescription despite some mistake as to the party plaintiff. Furthermore French jurisprudence establishes that a "plaintiff need not have the capacity to sue in order to interrupt prescription." Id. at 265 (citations omitted). Relying heavily on Flower v. O'Conner, 17 La. 213 (1841), which in turn had relied on Pothier, the court stated that once a defendant is "judicially notified, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results a legal interruption in favor of those to whom the rights may belong."[1]Nini, 276 So.2d at 265 (citation omitted).
It is clear from this doctrine of Pothier, that in order to determine the effect and extent of a legal interruption, we must enquire more particularly into the object and cause of the action, than into the right of the plaintiff, the manner in which it is prosecuted and the competency of the court in which it is instituted; and endeavor to ascertain how far the knowledge of the titles on which the action *246 is founded, has been brought home to the defendant by the judicial demand; and we do not hesitate to conclude that, if it be established that the defendant has been judicially notified of the titles which are the foundation of the demand for the whole of the property or of the debt, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results from said suit a legal interruption in favor of those to whom such rights may belong. This seems also to be the true spirit of our law on this subject, as from the expressions of the art. 3484 of the Louisiana Code, to wit: "a legal interruption takes place, when the possessor has been cited to appear before a court of justice, on account either of the property or of the possession;" the law appears to contemplate that the object and cause of the action, ought to be the principal criterions [sic] which should be resorted to for the purpose of ascertaining the fact and the extent of the interruption resulting from a judicial demand.
Id. at 265-66 (quoting Flower v. O'Conner, 17 La. at 219).
Preceding as it did the enactment of Civil Code article 3462 in 1982, Nini was decided under article 3462's predecessor, which stated: "All prescriptions affecting the cause of action therein sued upon are interrupted as to all defendants, ... by the commencement of a civil action in a court of competent jurisdiction and in the proper venue." LSA-R.S. 9:5801 (repealed by La. Acts 1982, no. 187, sec. 1, LSA-C.C. art. 3462). Although worded differently, article 3462 was not intended to change the law. LSA-C.C. art. 3462 comment (a) (1982). Accordingly, Nini v. Sanford Brothers, Inc., remains controlling.
Nini's continuing validity is further demonstrated by its recent citation in Giroir v. South La. Medical Center, 475 So.2d 1040, 1045 (La.1985). In Giroir the trial court had allowed a post prescription amendment to change the capacity of the plaintiff and to add plaintiffs. Finding that this did not offend the prescription statute, since the original pleading put the defendant on notice that judicial relief was being sought from a particular factual situation, and that any evidence concerning it should be collected and preserved, the court summarized that prescription statutes "are designed to protect [defendants] against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes [made] in filing the formal claim." Giroir, 475 So.2d at 1045 (citations omitted).
Furthermore this court has specifically held that a petition setting forth a valid cause of action, timely filed by one who has no right of action nevertheless interrupts prescription in favor of a proper plaintiff. See Dalby v. United States Fidelity & Guaranty Co., 365 So.2d 568, 571 (La.App. 1st Cir.1978); Nettles v. Great American Ins. Co., 155 So.2d 87, 93 (La. App. 1st Cir.), writ refused, 244 La. 1024, 156 So.2d 227 (1963).[2]
The judgment of the Louisiana Supreme Court dismissing decedent's mother's action on an exception of no right of action was rendered September 20, 1985. The plaintiff filed the instant case on April 26, 1986, well within one year thereafter. Prescription, having been interrupted by the filing of the first suit, and having begun to run anew as of the date the first suit was dismissed, the instant suit was filed within the one year prescriptive period. Accordingly, the judgment of the trial court dismissing the plaintiff's suit on an exception of prescription is reversed, and the case is remanded for further proceedings consistent *247 with this opinion. All costs of this appeal are to be borne by appellees.
REVERSED AND REMANDED.
NOTES
[1] This is to be distinguished, of course, from a suit filed against the wrong defendant. Such a suit would not give the proper defendant notice that a judicial demand based on a particular factual situation was being made against him.

Consequently, absent solidarity, a petition filed against one defendant does not interrupt prescription as to another. Robinson v. State, 454 So.2d 257, 263 (La.App. 1st Cir.), cert. denied, 458 So.2d 122 (1984).
[2] Prescription can even be interrupted by the filing of a suit that is eventually dismissed on the exception of no cause of action if the two suits are based on the same factual occurrence, and the original and subsequent claimants are closely connected in relationship and identity of interest. Allstate Ins. Co. v. Theriot, 376 So.2d 950, 953 (La. 1979). Even if held to this test, plaintiff would prevail. In the instant case the plaintiff's suit is based on the same factual occurrence as the first suit, the death of the minor child's father. Furthermore this plaintiff, the mother of decedent's minor child, seeking to recover on behalf of the child, is closely connected in relationship and identity of interest with the original plaintiff, decedent's mother. Both suits asserted wrongful death and survival actions.