VICTORY, J.,
dissenting.
| ,1 dissent from the majority opinion’s application of Girior v. South La. Medical Center, 475 So.2d 1040 (La.1985) to hold that an amended petition adding a new plaintiff nearly four years after that plaintiffs cause of action arose has not prescribed. La. C.C.P. art. 1153 provides that “[wjhen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.” This Court has greatly expanded this codal provision to allow the relation back of not only new actions or defenses as allowed by La. C.C.P. art. 1153, but also new plaintiffs and defendants. Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983) (new defendants) and Girior, supra (new plaintiffs). Not only is that contrary to *198 the express provisions of La. C.C.P. art. 1153, but as can be seen from the result in this case, the effect of applying La. C.C.P. 1153 to allow the addition of a new plaintiff amounts to a total end-run around prescription.
| gAlthough Girior purportedly relied on Ray, which enunciated four factors for adding a substitute defendant, Girior actually went beyond the holding in Ray. Ray involved a timely filed suit against “Alexandria Mall” when the correct defendant was actually “Alexandria Mall, Ltd.” Thus Ray addressed only “substituting” a defendant and required that the “purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him. (Emphasis added).” Further, Ray explained that La. C.C.P. Art. 1153 was based on Fed. R.C. P. 15(C), which only allows amendment adding a defendant if the added defendant knew or should have known that but for a pleading mistake concerning the identity of the proper party, the action would have been brought against him. Girior does not explicitly list a pleading mistake in its factors, but it did justify its holding by stating that “no essential protective purpose of the prescription statute [was] violated” by amendment in that case because prescriptive statutes are “designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.” 475 So.2d at 1045 (citing Allstate Ins. Co. v. Theriot, 376 So.2d 950, 954 (La.1979), rehearing denied 1979; Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973); Tate, Amendment of Pleadings in Louisiana, 43 Tul. L.Rev. 211, 233 (1969); F. James, Civil Procedure Sec. 5.9 (1965); Comment, Developments in the Law: Statutes of Limitations, 63 Harv. L.Rev. 1177, 1185 (1950)). In my view, it is apparent that a pleading mistake is required in order to apply La. C.C.P. art. 1153, especially when so much emphasis has been placed on Ray and F.R.C.P. 15, which clearly only allow an amendment to correct a pleading mistake. Furthermore, F.R.C.P. 15 only allows an amendment to relate back to the original pleading in certain circumstances when |s“the amendment changes the party or the naming of the party against whom a claim is asserted,” it never provides for an amended pleading to relate back which adds a plaintiff. F.R.C.P. 15(C). It should also be noted that Girior has been the subject of much dispute by the court of appeals. See Ma-raist and Galligan, Louisiana Tort Law, § 10.04[11],
Further, even if Girior could be interpreted not to require a pleading mistake, in my view, two of the four criteria in Girior were not met in this case, i.e., whether the defendant knew of the added plaintiffs “involvement” and whether the defendant would not be prejudiced in preparing and conducting his defense.
Finally, it must be remembered that “relation back” is really just another way of getting around prescription, in the same way that interruption and suspension are, thus La. C.C.P. art. 1153 should not be considered in a vacuum. That issue was recognized in Ray, which held in the fourth factor that the amendment must not add a wholly new and unrelated defendant, “since this would be tantamount to asserting a new cause of action which would have been otherwise prescribed.” I question whether a “relation back” rule found in the Code of Civil Procedure can operate to get around medical malpractice prescription in this way. Further, if this were a newly added defendant, Ray would not allow it because it did not result from a pleading mistake. In addition, as to newly added *199 defendants, the Court in Hebert v. Doctors Memorial Hospital, 486 So.2d 717 (La. 1986) held that “Art. 1153 does not authorize the relation back of an amendment which merely adds a new defendant.” 486 So.2d at 718. In my view, La. C.C.P. art. 1153 was not intended to allow relation back to eliminate any prescription issues. For what would be the point of the medical malpractice prescriptive statute, La. R.S. 9:5628, if new plaintiffs could file new causes of action outside the time periods provided in La. R.S. 9:5628 by simply 1 .(having their new claim related back to the timely filed claim under La. C.C.P. art. 1153?
Finally, this Court just held in Borel v. Young, 07-419 (La.7/1/08), 989 So.2d 42 (on rehearing), that “medical malpractice claims are governed by the specific provisions of the Medical Malpractice Act regarding suspension of prescription, to the exclusion of the general codal articles on interruption of prescription.” Thus, the majority’s holding as to the survival action, that the general interruption of prescription rule that “[w]hen several parties share a single cause of action ..., suit by one interrupts prescription as to all” is clearly in violation of our express holding in Borel. Not only that, the majority’s holding is based on Williams v. Sewerage & Water Bd. of New Orleans, 611 So.2d 1383 (La. 1993), which held that a tortfeasor and employer were solidarity liable such that interruption of prescription against one was effective against the other under La. C.C. art. 1799. Williams is not only inapplicable here, it is based on a general codal article on interruption of prescription, which we just held in Borel did not apply to medical malpractice claims. Lastly, for the same reasons we held in Borel that the general rules regarding interruption of prescription do not apply in medical malpractice cases, this general rule allowing relation back of pleadings to interrupt prescription, La. C.C.P. art. 1153, does not logically apply either.
For the reasons stated above, I respectfully dissent.